FILED

**NOT FOR PUBLICATION**

MAR 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALJIT KAUR PATTAR, | No. 05-75404 |
| Petitioner, | Agency No. A077-833-439 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2010[**]
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Baljit Kaur Pattar petitions for review of the Board of Immigration Appeals'

order dismissing her appeal of the denial of her application for asylum,

withholding of removal, and protection under the Convention Against Torture.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The Immigration Judge ("IJ") denied Pattar's claims for relief because she found Pattar's testimony internally inconsistent. We review credibility findings for substantial evidence. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir. 2004). The adverse credibility determination must be upheld "unless any reasonable adjudicator would be compelled to conclude the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

In making the adverse credibility determination, the IJ noted two key inconsistencies in Pattar's testimony about (1) her husband's political affiliation, and (2) her alleged physical and sexual abuse at the hands of the local police. Although reasonable minds could disagree as to the consistency of Pattar's testimony on the latter, the evidence in the record simply does not compel a result contrary to the IJ's determination. Thus, we are bound to defer to the IJ's decision as to Pattar's eligibility for asylum and withholding of removal. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) ("Th[e] deferential standard of review precludes relief absent a conclusion that no reasonable factfinder could have reached the agency's result.") (internal quotation marks omitted).

Based on this adverse credibility determination, the IJ also reasonably denied Pattar's application for relief under CAT. *See Farah v. Ashcroft*, 348 F.3d

1153, 1157 (9th Cir. 2003) (affirming denial of a CAT claim where claims were "based on the same statements . . . that the BIA determined to be not credible").

Accordingly, Pattar's Petition for Review is **DENIED**.